# EXHIBIT 2

5/31/2022 11:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65003306
By: Chandra Lawson
Filed: 5/31/2022 11:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| Peter Johnson, | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| Bugeater Express, LLC, and | § | |
| Paul Allen Bryant; | § | |
|     *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff Peter Johnson, complaining of Defendants Bugeater Express

Freight, LLC ("Bugeater Express") and Paul Allen Bryant ("Bryant") (collectively,

"Defendants"); and for cause of action would respectfully show the Court the following:

### I.

### DISCOVERY LEVEL

1.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of

Civil Procedure.

### II.

### JURISDICTION AND VENUE

2.      The claims asserted arise under the common laws of Texas. This Court has

jurisdiction and venue is proper because Defendants all or a substantial part of the events or

omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC. & REM. CODE

§ 15.002.

### III.

### PARTIES

3.      Plaintiff **Peter Johnson** is a resident of Texas.

4.      Defendant **Bugeater Express, LLC** is a foreign corporation. This Defendant can be served through its Registered Agent Paul Bryant at its registered office at **504 12th Corso Nebraska City, NE 68410.**

5.      Defendant **Paul Allen Bryant** is a Texas resident and can be served at his place of residence at 6103 S FM 565 Road Cove, Texas, 77523 or wherever else he may be found.

## IV.

## FACTS

6.      On or about September 29, 2021, Plaintiff was traveling westbound on Wade Road in Houston, Texas.

7.      On the same date and time, Defendant Bryant was operating a freightliner westbound on Wade Road in Houston, Texas directly in-front of Plaintiff's vehicle.

8.      Both vehicles came to a stop at a stop sign at the intersection of Wade Road and Decker Drive.

9.      Without notice or warning, Defendant backed up and violently struck the front end of Plaintiff's vehicle, causing serious injuries.

10.     The truck driven by Defendant Bryant was owned by the Bugeater Express, LLC.

## V.

## CAUSES OF ACTION

### A.  *Negligence and Gross Negligence against Defendant Bugeater Express and Paul Allen Bryant*

11.     Plaintiff repeats and re-alleges each allegation contained above.

2

12.     Plaintiff sustained injuries because of the negligence and gross negligence of the Defendants when Defendant Bugeater Express and Defendant Paul Allen Bryant:

- Failed to maintain a safe speed;

- Failed to maintain a safe distance;

- Failed to pay attention to the road ahead;

- Failed to safely back a vehicle;

- Failed to take adequate precautions;

- Failed to exercise caution;

- Failed to keep a proper lookout;

- Failed to operate the vehicle safely;

- Violated applicable rules, regulations, and traffic laws;

- Failed to properly supervise its employees;

- Failed to properly train its employees; and

- Other acts deemed negligent and grossly negligent.

13.     On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for these injuries.

14.     Additionally, the actions/inactions of the Defendants were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**B.  *Negligence and Gross Negligence against Defendant Paul Allen Bryant,***

15.     Plaintiff repeats and re-alleges each allegation contained above.

16.     Plaintiff sustained injuries because of the negligence and gross negligence of the Defendant Paul Allen Bryant when he:

- Failed to take adequate precautions to operate the vehicle in a safe manner;

- Violently struck Plaintiff's vehicle;

- Other acts deemed negligent and grossly negligent.

17.     On balance, Defendant Paul Allen Bryant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's Paul Allen Bryant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for these injuries.

18.     Additionally, the actions/inactions of Defendant Paul Allen Bryant were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**C.  *Negligence Per Se against Defendants Bugeater Express and Paul Allen Bryant.***

19.     Plaintiff repeats and re-alleges each allegation contained above.

20.     Defendants' conduct described herein constitutes an unexcused breach of duties imposed by the Texas Transportation Code under Sections 545.415 (Backing a Vehicle), 545.351 (Maximum Speed Requirement), and 545.401 (Reckless Driving).

21.     Plaintiff is a member of the class that the aforementioned sections of the Texas Transportation Code was designed to protect.

22.     Defendants' unexcused breach of the duties imposed by the aforementioned sections of the Texas Transportation Code proximately caused Plaintiff's injuries described herein.

**D.  *Respondeat Superior against Bugeater Express* .**

23.     Plaintiff repeats and re-alleges each allegation contained above.

24.     At the time of the collision and immediately prior thereto, the driver of the Bugeater Express' vehicle was within the course and scope of employment for Bugeater Express.

25.     At the time of the collision and immediately prior thereto, the driver of the Bugeater Express vehicle was engaged in the furtherance of Bugeater Express' business.

26.     At the time of the collision and immediately prior thereto, the driver of the Bugeater Express was engaged in accomplishing a task for which he was employed by Bugeater Express.

27.     Plaintiff invokes the doctrine of *Respondeat Superior* against Bugeater Express for the conduct of Defendant John Driver.

**E.  *Agency against Defendant Bugeater Express.***

28.     Plaintiff repeats and re-alleges each allegation contained above.

29.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Bugeater Express, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Bugeater Express.

30.     Therefore, Defendant Bugeater Express is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

**F. *Negligent Hiring against Defendant Bugeater Express* .**

31.     Plaintiff repeats and re-alleges each allegation contained above.

32.     Plaintiff sustained injuries as a result of Defendant Bugeater Express' negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Paul Allen Bryant as a potential employee.

- Failure to properly follow up on information not provided by Defendant Paul Allen Bryant in the interview process.

- Failure to conduct a proper employment and background check of Defendant Paul Allen Bryant.

- Failure to sufficiently investigate Defendant Paul Allen Bryant's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Paul Allen Bryant.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving Bugeater Express vehicles.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

33.     On balance, Defendant Bugeater Express owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of the Defendant Bugeater Express' negligent and grossly negligent hiring, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for his injuries.

34.     Additionally, the actions/inactions of Defendants Bugeater Express were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### G. *Negligent Training against Defendant Bugeater Express.*

35.     Plaintiff repeats and re-alleges each allegation contained above.

36.     Plaintiff sustained injuries as a result of the negligent training of Bugeater Express because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Paul Allen Bryant.

- Failure to provide the necessary training to Defendant Paul Allen Bryant regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Defendant Paul Allen Bryant, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

37.     On balance, Defendant Bugeater Express owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Bugeater Express' negligent and

grossly negligent training, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

38.     Additionally, the actions/inactions of Defendant Bugeater Express were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### H.  Negligent Supervision, Retention, and Monitoring against Defendant Bugeater Express.

39.     Plaintiff repeats and re-alleges each allegation contained above.

40.     Plaintiff sustained injuries as a result of the negligent supervision, retention, and monitoring of Defendant Bugeater Express':

- Failure to monitor Defendant Paul Allen Bryant to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Paul Allen Bryant to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Paul Allen Bryant, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Paul Allen Bryant to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

41.     On balance, Defendant Bugeater Express owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Bugeater Express' negligent and

grossly negligent supervision, retention, and monitoring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

42.     Additionally, the actions/inactions of Defendants Bugeater Express were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### I.  *Negligent Entrustment against Defendant Bugeater Express.*

43.     Plaintiff repeats and re-alleges each allegation contained above.

44.     Plaintiff sustained injuries as a result of Defendant Bugeater Express negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Paul Allen Bryant who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

45.     On balance, Defendant Bugeater Express Interest owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Bugeater Express' negligent and grossly negligent entrustment of a commercial motor vehicle to Defendant Paul Allen Bryant, Plaintiff suffered severe injuries.  Plaintiff is entitled to recover for his injuries.

46.     Additionally, the actions/inactions of Defendants Bugeater Express were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### J.  *Ratification against Defendant Bugeater Express.*

47.     Plaintiff repeats and re-alleges each allegation contained above.

48.     Defendant Bugeater Express is responsible for the negligence and gross negligence of Defendant Driver under the theory of ratification because Defendant:

- Retained its driver after he committed the underlying tortious acts;

- Knew of its driver's tortious acts;

- Recognized that its driver will likely continue to be negligent if he is retained;

- Recognized that its driver will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent its driver from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Defendant gained knowledge of the conduct.

49.     As a result of Defendant Paul Allen Bryant's negligent and grossly negligent conduct, which Defendant Bugeater Express ratified, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries. Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI.

## JURY TRIAL DEMANDED

50.     Plaintiff hereby demands a trial by jury.

## VII.

## PRAYER

51.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff shows himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Past and future medical expenses;
- Actual damages;
- Consequential damages;
- Past lost wages;
- Past and future disfigurement;
- Loss of earning capacity in the future;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Samantha M.B. Demuren*

Jason A. Itkin
Texas State Bar No. 24032461
Caj Boatright
Texas State Bar No. 24036237
Roland Christensen
Texas State Bar No. 24101222
Samantha M.B. Demuren
Texas State Bar No. 24103756
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@ArnoldItkin.com
cboatright@ArnoldItkin.com
rchristensen@ArnoldItkin.com
sdemuren@ArnoldItkin.com
eservice@ArnoldItkin.com

***ATTORNEYS FOR PLAINTIFF***



5/31/2022 11:36:56 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 65003306
By: LAWSON, CHANDRA K
Filed: 5/31/2022 11:36:56 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:   Plaintiff's Original Petition

**FILE DATE:** __05/31/2022__   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Bugeater Express, LLC

Address of Service:   504 12th  Corso

City, State & Zip:   Nebraska City, NE 68410

Agent (if applicable)   Paul Bryant

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [X] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [X] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____
- **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Samantha Demuren   Bar # or ID   24103756

Mailing Address:  6009 Memorial Drive, Houston, TX 77007

Phone Number:  713.222.3800



5/31/2022 11:36:56 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 65003306
By: LAWSON, CHANDRA K
Filed: 5/31/2022 11:36:56 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** __Plaintiff's Original Petition__

**FILE DATE:** __05/31/2022_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** __Paul Allen Bryant_____

Address of Service: __6103 S FM 565 Road_____

City, State & Zip: __Cove, Texas, 77523_____

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | |
|---|---|
| ☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service** | |
| ☐ **Citation Scire Facias** Newspaper_____ | |
| ☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice** | |
| ☐ **Protective Order** | |
| ☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) ☐ **Attachment** (not by E-Issuance) | |
| ☐ **Certiorari** ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment** | |
| ☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** ☐ **Sequestration** | |
| ☐ **Subpoena** | |
| ☐ **Other (Please Describe)** _____ | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Samantha Demuren__ Bar # or ID __24103756__

Mailing Address: __6009 Memorial Drive, Houston, TX 77007__

Phone Number: __713.222.3800__

9/6/2022 1:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67976885
By: Deandra Mosley
Filed: 9/6/2022 1:33 PM

## CAUSE NO. 2022-32571

| | | |
|---|---|---|
| Peter Johnson, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Bugeater Express, LLC, and | § | |
| Paul Allen Bryant; | § | |
| *Defendants.* | § | 189th JUDICIAL DISTRICT |

## DEFENDANTS' VERIFIED ORIGINAL ANSWER

The Defendants, BUGEATER EXPRESS, LLC and PAUL ALLEN BRYANT ("Defendants"), for Answer to Plaintiff's Original Petition would respectfully show the Court the following.

### I.

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations in this lawsuit made by Plaintiff and demand strict proof thereof in accordance with the Constitution and laws of the State of Texas.

### II.

Additionally and alternatively, without waiver of the foregoing, Defendants would show that the injuries and damages, if any, as alleged by Plaintiff were in part proximately caused or contributed to be caused by the negligence of Plaintiff.

### III.

Additionally and alternatively, without waiver of the foregoing, Defendants would show that the accident made the basis of this suit was an unavoidable accident as that term is defined by Texas case law.

**IV.**

Defendants further plead that on the occasion in question Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of the alleged injuries.

**V.**

Further, Defendants plead the application and benefits of Civil Practices and Remedies Code Sec. 18.091 to any damage award.

**VI.**

Further, Defendants plead the application and benefits of Texas Finance Code 304.101 through 304.105.

**VII.**

Defendants assert that Plaintiff has failed to properly mitigate his damages.   Plaintiff failed to take reasonable steps, delayed unreasonably and, in so doing, took steps compounding his alleged damages.  Had Plaintiff timely and diligently taken steps to avoid and/or mitigate his alleged damages, such damages would have been reduced or avoided.  Because of his failure to mitigate damages, Plaintiff is barred in whole or in part from recovering damages, if any, in this action.

**VIII.**

Pleading further, to the extent that Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of

the medical and and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, the Defendants would show that Plaintiff failed to mitigate his alleged damages by failing to submit such healthcare expenses to his insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiff's insurer(s) and/or health benefit plan.

## IX.

Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff.  See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

## X.

Additionally and alternatively, without waiver of the foregoing, Defendants specifically plead and incorporate by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law, including, but not limited to, those set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, Sections 41.001 through 41.013.

**XI.**

Additionally and alternatively, without waiver of the foregoing, Defendants affirmatively pleads that punitive and/or exemplary damages violate of the due process clauses found in the Fifth and Fourteenth Amendments of the United States Constitution.

**XII.**

Additionally and alternatively, without waiver of the foregoing, Defendants further affirmatively plead that punitive and/or exemplary damages violate the Eighth Amendment of the United States Constitution as it applies to the states through the Fourteenth Amendment in that such award is potentially an excessive fine imposed without the protection of fundamental due process.

**XIII.**

Defendants specifically deny that Paul Allen Bryant is a resident of Texas.  Mr. Bryant is a resident of Iowa.  See attached declaration.

**XIV.**

**JURY DEMAND**

Defendants respectfully request a trial by jury.

**XV.**

By way of further Answer, Defendants hereby give actual notice to Plaintiff that any and all documents produced during discovery may be used against the Plaintiff, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this suit against Defendants and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**MAYER LLP**

_____

Ryan T. Hand
SBN: 24012777
Elizabeth L. Carey
SBN: 03791800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: rhand@mayerllp.com
Email: ecarey@mayerllp.com
Email: efile1@mayerllp.com
**ATTORNEYS FOR DEFENDANTS,
BUGEATER EXPRESS, LLC AND
PAUL ALLEN BRYANT**

## CERTIFICATE OF SERVICE

On this 6th day of September, 2022, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Jason A. Itkin
Caj Boatright
Roland Christensen
Samantha M.B. Demuren
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Email: jitkin@arnolditkin.com
Email: cboatright@Arnolditkin.com
Email: rchristensen@arnolditkin.com
Email: sdemuren@arnolditkin.com
Email: eservice@arnolditkin.com

_____

Ryan T. Hand

CAUSE NO. 2022-32571

| | | |
|---|---|---|
| Peter Johnson, | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Bugeater Express, LLC, and | § | |
| Paul Allen Bryant; | § | |
|     *Defendants.* | § | 189th JUDICIAL DISTRICT |

**UNSWORN DECLARATION OF PAUL ALLEN BRYANT PER TEX.CIV.P.REM.CODE 132.001**

| | |
|---|---|
| STATE OF INDIANA | § |
| | § |
| | § |
| COUNTY OF LASALLE | § |

On this day personally appeared Paul Allen Bryant, the affiant, who testified as true under the penalty of perjury as follows:

1.    My name is Paul Allen Bryant. I am a named defendant in the above captioned cause. I am capable of making this declaration. I have read Plaintiff's Original Petition in the above captioned cause. It is alleged that I am a resident of Texas and that I have a residence in Cove, Texas. This is not correct.

2.    I am a resident of Iowa, and have been a resident of Iowa since October or November of 2021. My residence/home address is 102 Center St., Hamburg, Iowa 51640. I have lived at this address since November or December of 2021. I have an Iowa driver's license. All my mail is sent the Hamburg address. I do not own any property in Texas and do not stay in Texas. I am not a resident of Texas.

Further affiant sayeth not."

**Paul Allen Bryant**

**<u>Jurat:</u>**

"My name is Paul Allen Bryant, my date of birth is February 11, 1966, and my address is 102 Center St., Hamburg, Iowa 51640.  I declare under  penalty  of perjury that the foregoing is true and correct.

Executed in Lasalle County, State of Indiana, on the 6th day of September, 2022.